IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | * * * |
| PLAINTIFF | * Case No.: 1:23-CV-02487-ADC |
| V. | * * |
| LEN STOLER, INC. T/A LEN STOLER AUTO GROUP | * * |
| DEFENDANT | * * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Len Stoler, Inc., by and through Matthew Ranck and Schenker and Lopez, its attorneys, hereby files this Answer to the Complaint pursuant to the Federal Rules of Civil Procedure, and states:

1. The allegations in this paragraph pertain to jurisdiction such that no response is required.

2. The allegations in this paragraph pertain to jurisdiction and venue such that no response is required. Defendant denies any unlawful employment practices.

3. The allegations in this paragraph constitute conclusions of law for which no response is required.

4. The allegations in this paragraph are admitted.

5. The allegations in this paragraph constitute conclusions of law for which no response is required.

6. The allegations in this paragraph constitute conclusions of law for which no response is required.

7. The allegations in this paragraph are admitted.

8. The allegations in this paragraph are admitted.

9. The allegations in this paragraph refer to a document which speaks for itself. Defendant denies any allegation inconsistent with said document. Defendant denies all unlawful employment practices alleged.

10. Defendant admits the Commission engaged in communications with Defendant but denies those communications were meaningful and denies there was a good faith effort to resolve the dispute. Defendant denies all discriminatory practices alleged.

11. Defendant admits that no agreement was reached, but denies that the Commission's efforts to do so were meaningful or in good faith.

12. The allegations in this paragraph refer to a document which speaks for itself. Defendant denies any allegation inconsistent with said document. Defendant denies all unlawful employment practices alleged.

13. The allegations in this paragraph constitute conclusions of law for which no response is required.

14. The allegations in this paragraph are denied. Defendant further denies Winter was demoted, denies it refused to reasonably accommodate her and denies she was terminated based on her disability.

15. The allegations in the first two sentences of this paragraph are admitted. The allegations in the third and fourth sentences are denied as alleged.

16. The allegations in this paragraph are admitted, except that Defendant lacks sufficient information to admit or deny whether Winter's injuries were "critical" and therefore that allegation is denied.

17. Defendant lacks sufficient information to admit or deny the characterizations of Winter's injuries and therefore denies the allegations in this paragraph.

18. Defendant lacks sufficient information to admit or deny the characterizations of Winter's rehabilitation and recovery or her current condition and therefore denies the allegations in this paragraph and each subparagraph.

19. The allegations in this paragraph constitute conclusions of law for which no response is required.

20. The allegations in this paragraph are denied as alleged.

21. The allegations in this paragraph are denied as alleged.

22. The allegations in this paragraph are denied as alleged.

*Count I: Demotion on the Basis of Disability*

23. Defendant incorporates its responses to paragraphs 14-22 as if fully restated herein.

24. The allegations in this paragraph are denied as alleged.

25. The allegations in this paragraph are denied as alleged.

26. The allegations in this paragraph are denied as alleged.

27. Defendant admits only that when Winter returned to work in November 2019 she worked in a different dealership in the role as cashier.  All other inferences are denied.

28. The allegations in this paragraph are denied.

29. Defendant denies all unlawful employment practices alleged and denies any intention to discriminate or engage in any unlawful employment practice.

30. Defendant denies all unlawful employment practices alleged and denies any malice or reckless indifference to any protected right of Winter.

*Count II: Failure to Make Reasonable Accommodation for Disability*

31. Defendant incorporates its responses to paragraphs 14-30 as if fully restated herein.

32. Defendant only admits that Winter requested a parking spot in the main dealership lot where Defendant had two disabled parking spots available for customers and limited parking for managers with demo cars.  All other allegations in this paragraph, including the reason for Winter's request, are denied.

33. Defendant admits only that it advised Winter that parking was not available in the main dealership lot and that the convenient shuttle van was available.  All other inferences are denied.

34. The allegations in this paragraph are denied.

35. The allegations in this paragraph are denied.

36. Defendant denies all unlawful employment practices alleged and denies any intention to discriminate or engage in any unlawful employment practice.

37. Defendant denies all unlawful employment practices alleged and denies any malice or reckless indifference to any protected right of Winter.

*Count III: Unlawful Discharge on the Basis of Disability*

38. Defendant incorporates its responses to paragraphs 14-37 as if fully restated herein.

39. Defendant admits there was an altercation between Winter and a co-worker, but denies the characterization of it as alleged.  Defendant admits it investigated the incident and discharged the co-worker, but states that the reasons therefore are contained in documents which speak for themselves.

40. Defendant admits it discharged Winter in January 2020, but denies that the discharge was on the basis of any alleged disability.  As for the second sentence, Defendant

only admits that the discharge was based on Winter's performance and problematic behavior.

41. Defendant denies the allegations in this paragraph as alleged.

42. Defendant denies the allegations in this paragraph.

43. Defendant denies all unlawful employment practices alleged and denies any intention to discriminate or engage in any unlawful employment practice.

44. Defendant denies all unlawful employment practices alleged and denies any malice or reckless indifference to any protected right of Winter.

45. All other allegations not expressly admitted are denied.

## Affirmative and Other Defenses

Defendant hereby raises the following affirmative and other defenses:

1. The Complaint fails to state a claim in each count upon which relief can be granted.

2. The claims are barred as the employee failed to give notice of the alleged disability and failed to engage in a requite process to identify accommodations for her alleged disability.

3. The claims are barred as the employee was not a qualified individual with a disability.

4. The claims are barred as all alleged actions of the Defendant were taken for legitimate and non-discriminatory business reasons.

5. The claims are barred as the employee was not discriminated against and no adverse employment action was on the basis of, due to, by reasons of or as a result of the alleged disability.

6. The employee suffered no damages as a result of the Defendant's alleged acts and/or omissions or, alternatively, she failed to mitigate the damages, if any.

7. The alleged injuries, losses or damages incurred by the employee, if any, resulted from or were caused by intervening or superseding causes not attributable to Defendant.

8. Defendant reserves the right to supplement and/or amend its negative, affirmative and other defenses, based on information obtained during discovery and prior to trial, consistent with the FRCP and this Court's Rules and Orders.

WHEREFORE, the Defendant, having fully responded to the allegations in the Complaint, respectfully requests that this Honorable Court dismiss the Complaint with prejudice, enter judgment in its favor and against the Plaintiff, and award its costs, and expenses, including reasonably attorneys' fees and for such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Matthew A. Ranck*
Matthew Ranck (#23732)
Schenker & Lopez
600 Red Brook Boulevard
Owings Mills, Maryland 21117
T:  (410) 559-2420
F:  (410) 559-2401
Matthew.ranck@zurichna.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 13th day of November 2023, a true and accurate copy of the foregoing Answer was transmitted electronically to

Casey M. Shea
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Casey.Shea@eeoc.gov

Ronald L. Phillips
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Ronald.phillips@eeoc.gov

Debra M. Lawrence
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201

                                            */s/ Matthew A. Ranck*
                                            Matthew Ranck (#23732)