IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) LEN STOLER, INC. t/a LEN STOLER ) AUTO GROUP, ) ) Defendant. ) ) | Civil Action No. 1:23-cv-02487-BAH Honorable Brendan A. Hurson |

## CONSENT DECREE

Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted this action alleging that Defendant Len Stoler, Inc. subjected Charging Party Brittny Winter to unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Defendant denies the Commission's allegations, and there has been no adjudication of the ADA liability issues in this action.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves all claims set forth in the Complaint filed by the Commission in the above-styled and numbered action.

## FINDINGS

Having carefully examined the provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

A.  This Court has jurisdiction of the subject matter of this action and of the parties;

B.       The terms of this Decree are adequate, fair, reasonable, equitable, and just and are in the best interests of the parties, Charging Party Brittny Winter, and the public; and

C.       This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

### DEFINITIONS

A.       The terms *complaint* or *complaints* shall mean any allegation or report made by any person, whether or not substantiated by evidence, whether or not made in conformity with Defendant's established procedures, made by any means of communication, regarding potential disability discrimination or harassment committed by any employee, officer, director, owner, or customer of Defendant. *Complaint* or *complaints* shall include but are not limited to internal allegations or reports made to Defendant or any agent thereof, charges of discrimination, administrative agency proceedings, lawsuits, arbitrations, grievances and settlement demand letters.

B.       The term *days* shall mean calendar days unless business days are clearly specified in a provision of the Decree. If any deadline referenced in this Decree shall fall on a weekend or federal holiday, the deadline shall be moved to the next business day.

C.       The term *Effective Date* shall refer to the date that the Court approves and enters the Decree as a final order.

D.       The term *employee* shall be construed in accordance with controlling caselaw defining the meaning of the terms *employer* and *employee* under Title VII. The term *employee*

shall specifically include all full-time, part-time, probationary, casual, seasonal, temporary, and permanent employees of Defendant.

E. The term *physical or mental impairment* shall mean any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or any mental or psychological disorder, such as an intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

## INJUNCTION

1. Defendant is enjoined from engaging in any employment practice that unlawfully discriminates against any employee on the basis of disability, including discharging, demoting, or transferring any job applicant on the basis of an actual disability, history of such disability, or any non-minor or non-transitory physical or mental impairment where such disability or impairment does not pose a direct threat while performing the job at issue and does not prevent the employee from performing the essential functions of the job at issue with or without reasonable accommodation; or failing to make reasonable accommodation for any employee's disability where such accommodation does not pose an undue hardship on the operation of Defendant's business.

2. Defendant is enjoined from engaging in any form of retaliation, coercion, intimidation, threats or interference against any person because such person has opposed any practice made unlawful under the ADA; filed a charge of discrimination under the ADA; testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under the ADA; obtained relief or asserted any rights under this Decree; or otherwise exercised or enjoyed, or aided

or encouraged any other individual in the exercise or enjoyment of, rights conferred by the ADA.

## CHARGING PARTY MONETARY RELIEF

3. Within thirty (30) days of the Effective Date, Defendant shall pay monetary relief to Brittny Winter in the total amount of $105,000.00, of which $52,500.00 shall constitute back pay (wages) and $52,500.00 shall constitute compensatory damages for emotional distress.

4. Defendant shall make all applicable payroll tax withholdings required by law from the amount payable to Ms. Winter as back pay. Defendant shall be responsible for paying its own share of payroll tax liability required by law. Defendant shall not make withholdings from the amount payable to Ms. Winter as compensatory damages for emotional distress.

5. Payment to Ms. Winter shall be completed using two checks: one check for the amount constituting back pay (less required federal, state, and local payroll tax withholdings) and a second check for the amount constituting compensatory damages. Defendant will deliver the two checks for monetary relief payable to "Brittny Winter" via certified U.S. mail (with a return receipt requested) or express two-day delivery to Ms. Winter at an address to be provided by the Commission. The check for the amount constituting back pay shall be accompanied by a written description setting forth the type and amount of all payroll tax withholdings made. Within five (5) days of the date of delivery of the two checks to Ms. Winter, Defendant will transmit to the Commission photocopies of both checks, the written description of payroll tax withholdings, and proof of delivery.

6. In the event that Defendant is unable to successfully make delivery of one or more of the checks required to be delivered by Paragraph 5, above, Defendant shall promptly notify the Commission of that fact, confer with the Commission about alternative methods of delivery, and

4

then exercise reasonable diligence to attempt successful delivery of the check(s) by alternate methods.

7. At the time that such tax documents are issued to other persons, Defendant shall issue to Ms. Winter an IRS Form W-2 for the monetary relief amount constituting back pay (wages) and an IRS Form 1099-MISC for the monetary relief amount constituting compensatory damages.

### ADA POLICY

8. Within ninety (90) days of the Effective Date, Defendant shall create and adhere to an ADA compliance policy (hereinafter "the Policy") that explains and prohibits discrimination on the basis of disability and that establishes procedures for decision-making concerning certain employment actions that are identified below. The Policy shall be drafted using language that is reasonably calculated to be understood by the ordinary layperson reader, and it may be set forth in a single document or a series of separate policy documents. Defendant shall ensure that the Policy satisfies the following minimum requirements:

(a) The Policy shall reasonably summarize all prohibitions set forth in Titles I and V of the ADA and an employer's corresponding duties under the ADA;

(b) The Policy shall fully describe Defendant's duties set forth in Paragraphs 1 and 2, above, and require that all employees adhere to those duties;

(c) The Policy shall require appropriate disciplinary action be taken against any employee who violates the Policy, up to and including immediate discharge from employment;

(d) The Policy shall require that before making any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from

a position based on such person's medical condition, or a decision to deny a requested reasonable accommodation, Defendant's management or other personnel authorized to make that decision shall conduct an individualized assessment that includes consulting with the employee or job applicant, and to the extent authorized by the employee or job applicant and reasonably necessary under the particular circumstances, the employee's or job applicant's relevant health care provider(s), about the employee's or job applicant's ability to effectively and safely perform the essential functions of the position with or without reasonable accommodation and whether there is a need for reasonable accommodation;

(e) The Policy shall require that Defendant's management or other authorized personnel will apply standards for their decision(s) consistent with the training required by Paragraph 13, below, before making any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position based on such person's medical condition, or a decision to deny a requested reasonable accommodation;

(f) The Policy shall require that Defendant's management or other authorized personnel shall document any decision to discharge, demote, transfer, refuse to hire, or otherwise disqualify an employee or job applicant from a position based on such person's medical condition, or a decision to deny a requested reasonable accommodation, which shall include the following minimum content:

    (i)    the action to be taken (e.g., discharge, demotion, denial of hiring);

    (ii)    the medical condition(s) that is the basis for the decision, all information obtained concerning that medical condition(s), and the source(s) of such information;

    (iii)    the essential job function(s) that the person is deemed to be unable to effectively or safely perform, whether with or without reasonable accommodation, and the reason(s) it was identified as an essential function;

6

        (iv)    an explanation of all facts that form the basis for the determination that the person is unable to effectively or safely perform the essential job function(s), whether with or without reasonable accommodation; and

        (v)    all efforts made to identify reasonable accommodations to enable the person to remain in the position or obtain the position sought.

    (g)    The Policy shall require that decisions to discharge, demote, transfer, refuse to hire or otherwise disqualify any employee or job applicant from a position based on such person's medical condition, or decisions to deny requested reasonable accommodations, must be reviewed and approved by a Defendant officer or management-level employee who, through any combination of past education, training or experience, possesses reasonably sufficient knowledge of the ADA and related compliance practices to proficiently conduct such review.

9.    Within one hundred five (105) days of the Effective Date, Defendant shall provide to EEOC a copy of the Policy required by Paragraph 8. Thereafter, EEOC shall be afforded not less than fifteen (15) days to review and provide any comments to Defendant concerning the Policy before the Policy is communicated to Defendant's employees.

10.    Within one hundred thirty-five (135) days of the Effective Date, Defendant shall distribute to all employees the portions of the Policy required by Paragraph 8(a)-(c). Defendant shall distribute the portions of the Policy required by Paragraph 8(a)-(c) to all new employees within seven (7) days of their hire.

11.    Within one hundred thirty-five (135) days of the Effective Date, Defendant shall distribute the portions of the Policy required by Paragraph 8(d)-(g) to (a) all Defendant human resources employees; and (b) all Defendant employees who perform, or possess authority to perform, any of the following job duties: (i) evaluation of whether employees or job applicants

7

with known medical conditions are able to perform essential job functions; (ii) making decisions regarding employee discharges, demotions, conditions of return-to-work from medical leave, and/or reasonable accommodations; and/or (iii) making decisions regarding job applicant hiring. Defendant shall distribute the portions of the Policy required by Paragraph 8(d)-(g) to all new employees in such positions within seven (7) days of their start date in such positions.

## ADA TRAINING

12. Defendant shall retain, at its own expense, one or more qualified third-party consultant(s) to provide certain Defendant personnel (identified in Paragraph 13, below) with not less than three (3) total hours of training (for all subjects combined) regarding the following ADA subject matter:

(a) The ADA definition of "disability," inclusive of changes to the definition resulting from the 2008 amendments to the ADA;

(b) The prohibition of discrimination on the basis of disability;

(c) The legal standards for conducting analysis to determine whether an individual is qualified to perform essential job functions, including the types of information and expertise used in such determinations; the standards for determining "essential functions," permissible and impermissible disability-related inquiries and medical examinations under 42 U.S.C. § 12112(d), and the requirement that reasonable accommodation be considered;

(d) The legal standards for conducting analysis of direct threat, as well as the types of information and expertise used in such analysis;

(e) The legal standards governing the duty to provide reasonable accommodations and the interactive process of identifying and providing such

accommodation;

    (f)   An employer's responsibility to conduct individualized assessments of disability, qualification to perform essential functions, direct threat, and reasonable accommodation;

    (g)   Defendant's policies and procedures regarding the foregoing subjects; and

    (h)   Best practices regarding the foregoing subjects, including but not limited to relevant sources of information and procedures for gathering and documenting information relevant to analysis and decision-making regarding the foregoing subjects.

13.    The training required by Paragraph 12, above, shall be provided to (a) all Defendant human resources employees; and (b) all Defendant employees who perform, or possess authority to perform, any of the following job duties: (i) evaluation of whether employees or job applicants with known medical conditions are able to perform essential job functions; (ii) making decisions regarding employee discharges, demotions, conditions of return-to-work from medical leave, and/or reasonable accommodations; and/or (iii) making decisions regarding job applicant hiring.

14.    The training specified in Paragraphs 12 and 13, above, shall be provided within ninety (90) days of the Effective Date; and such training shall be provided within thirty (30) days of the start of employment for all new hires in the positions identified in Paragraph 14, subject to the requirement that before any such new hire in the positions identified in Paragraph 14 is authorized to make any decision concerning employee reasonable accommodations or whether an employee or job applicant is deemed unqualified to perform essential functions of a position due to a medical condition or poses a direct threat, Defendant shall ensure the new hire has previously received the training required by this Paragraph.

15.    The initial training session required by Paragraphs 12 and 13, above, shall be

presented to attendees either live in-person, by remote means of presentation or by presentation of a video recording of the training. If Defendant opts to conduct the initial training session by presentation of a video recording, such attendees shall be given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training. Subsequent training sessions may be presented by re-playing a video recording, provided that attendees are given the name and contact information of one or more persons knowledgeable of the subject matter of the training and who are available to answer any questions that attendees have about the subject matter of the training.

16. The Commission must be notified in writing of the identity and qualifications of the trainer(s) for the first training session required by Paragraphs 12 and 13, above, all content of such training (including non-privileged training manuals, handout materials and video), method of presentation, and length of training course(s) at least twenty-one (21) days before presentation of such training session. Within thirty (30) days after the first training session required by Paragraphs 12 and 13, above, Defendant shall submit to the Commission a certification under penalty of perjury to the best of its knowledge, information and belief of its compliance with the training requirement, and to the extent any employee described in Paragraph 13 has not received the training, identifying the name of the employee, her/his/their job title, and explaining the reason such employee has not yet received the training.

## REPORTS TO THE COMMISSION

17. Defendant shall submit written reports to the Commission regarding any complaints of alleged disability discrimination and any action taken by Defendant in response to the complaints, as well as all documentation related to the allegations, investigation, and disposition

of the complaint. Defendant's reports to the Commission must be sent to the Commission's counsel of record in this action within forty-five (45) days of any complaints. Such reports must be updated and sent to the Commission's counsel of record every thirty (30) days thereafter until final action is taken by Defendant on the complaint.

18. Each report required by Paragraph 17, above, shall list the following information: (a) the full name, last known residence address, last known personal phone number, and job title or position of each individual who made the complaint; (b) the full name, last known residence address, last known personal phone number, job title or position, and work location of each individual alleged to have engaged in the conduct that is the subject of the complaint; (c) a description of the alleged conduct that is the subject of the complaint; (d) the date that Defendant received notice of the complaint; (e) the full name and job title or position of each person who received the complaint and/or who was responsible for investigating the complaint; (f) a description of Defendant's investigation of the complaint, including identifying the date(s) of any investigation; the names, job titles, last known residence addresses and last known personal phone numbers of all individual(s) interviewed; a summary of the statements made by individuals who were interviewed and the date(s) of such interviews; and any documents reviewed or produced during such interviews; (g) the findings of such investigation; and (h) a description and the date(s) of any corrective action(s) that Defendant took in response to the complaint and the findings of its investigation thereof.

19. Upon written request by the Commission, Defendant shall produce any non-privileged documents that are relevant to the subject matter of the reports required by Paragraphs 17 and 18, above, including but not limited to any witness statements, affidavits or declarations, interview notes or recordings, file memoranda, or other investigation-related materials. Defendant

shall make such production not later than thirty (30) days after Defendant's receipt (via their counsel Eliot Wagonheim) of the Commission's written request.

## POSTING OF NOTICE

20. Within five (5) days of the Effective Date, Defendant shall conspicuously post at each of its locations a physical copy of the notice attached hereto as Exhibit A (the "Notice") on the bulletin board(s) or other location(s) ordinarily used by it for communicating with employees and/or for posting legally required notices. The Notice shall remain posted for two (2) years from the Effective Date. Defendant shall take all reasonable steps to ensure that the Notice is not altered, defaced, or covered by any other material. Defendant shall permit a representative of EEOC to enter its facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

21. Within fourteen (14) days of the Effective Date, Defendant shall certify, in writing, to EEOC that it has complied with the requirements of Paragraph 20, above.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

22. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

23. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform EEOC, or deny the alleged non-compliance, in writing;

(a) If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

(b) Each party shall bear its own expenses, attorney's fees, and costs incurred in connection with such action; and

(c) Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

24. In the event that the Commission, its agents, or employees possess a reasonable suspicion that Defendant has violated any provision of this Decree, they shall have the legal authority to enter Defendant's facility upon 30-day prior notice to Defendant and its counsel (unless exigent circumstances are present rendering 30-day notice unwarranted) and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Decree. Within seven (7) days of receipt of such 30-day prior notice, Defendant shall submit to EEOC a written response stating its position concerning whether it will permit the onsite inspection. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by the ADA or the Commission's regulations. EEOC's notice to Defendant of a proposed on-site inspection shall not be considered effective under this Paragraph unless it identifies the suspected violation that is the subject of the on-site inspection, the categories of documents that EEOC initially intends to inspect and duplicate if known, and the persons that EEOC initially intends to interview or depose, without prejudice to EEOC's authority to identify additional documents and persons as circumstances warrant. EEOC's authority under this Paragraph to conduct on-site inspection, review of documents, interview or deposition of persons, or any other investigatory

technique or procedure that are part of such on-site inspection, will be limited to measures that are reasonably related to the suspected violation(s) that EEOC has identified in its notice to Defendant and its counsel.

25.    In the event that the Commission, its agents, or employees possess a reasonable suspicion that Defendant has violated any provision of this Decree, but the Commission does not intend to conduct an on-site inspection, they shall also have the legal authority upon 30-day prior notice to Defendant and its counsel (unless exigent circumstances are present rendering 30-day notice unwarranted) to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree. EEOC's notice to Defendant of requested appearance and testimony of Defendant's personnel or production of documents shall not be considered effective under this Paragraph unless it identifies the suspected violation that is the subject of the request, the personnel to be interviewed or deposed, and the documents requested. EEOC's authority under this Paragraph to conduct interviews or depositions or obtain documents will be limited to measures that are reasonably related to the suspected violation(s) that EEOC has identified in its notice to Defendant and its counsel. Within seven (7) days of receipt of such 30-day prior notice, Defendant shall submit to EEOC a written response stating its position concerning whether it will make the witnesses available for interview or deposition or produce the requested documents.

26.    The Commission's notice required by Paragraphs 24 and 25, above, shall be served to the attention of David Leibowitz, 11275 Reisterstown Rd., Owings Mills, MD 21117, and Eliot Wagonheim, Esq., 11350 McCormick Rd., Bldg. EP1, Suite 700, Hunt Valley, MD 21031.

27. Not less than thirty (30) days after service of its notice required by Paragraphs 24 and 25, the Commission may move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of Paragraphs 24 and 25. Prior to the Commission filing any such motion, the parties shall confer in good faith in an effort to resolve any disputes. If any unresolved disputes remain after such good faith conferral, the Commission may file its motion.

28. Neither the Commission's authority under Paragraphs 24 and 25 nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of Defendant that is provided by law, including but not limited to investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act of 1963 ("EPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the ADA, the Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Pregnant Workers Fairness Act ("PWFA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION AND SCOPE OF THE DECREE

29. All provisions of this Decree shall be in effect for a period of two (2) years immediately following the Effective Date, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 23, above, remain unresolved, the duration of the Decree shall be automatically extended until such time as all such disputes have been resolved.

30. The provisions of this Decree shall apply to all of Defendant's facilities and business operations in the United States, its territories and possessions.

## EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(F) AND 6050X

31. Defendant acknowledges and agrees to the following:

15

(a) EEOC may be required to report the fact of this settlement to the IRS under Sections 162(f) and 6050X of the Internal Revenue Code, which allow for certain payments by employers to be deducted from the employer's taxes. If EEOC is required by law to do so, Defendant will be provided with a copy of the 1098-F form provided to the Internal Revenue Service (IRS). Defendant's EIN is: 52-1437880. The individual to whom EEOC should mail a copy of the form 1098-F, if EEOC is required to issue one is: Len Stoler, Inc., ATTN: David Leibowitz, 11275 Reisterstown Rd., Owings Mills, MD 21117 ;

(b) EEOC has not made any representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code;

(c) EEOC's provision to Defendant of Form 1098-F does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met;

(d) Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from EEOC; and

(e) Defendant is not acting in reliance on any representations made by EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the Internal Revenue Code.

## MISCELLANEOUS PROVISIONS

32. Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

33. The provisions of this Consent Decree shall be binding upon Defendant.

34. If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

35. When this Decree requires a report or certification by Defendant of any fact(s), such report or certification shall be made under oath or penalty of perjury.

36. When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the Commission, they shall be mailed or electronically transmitted to: U.S. Equal Employment Opportunity Commission, Baltimore Field Office, c/o Ronald L. Phillips, Assistant Regional Attorney, George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, MD 21201, e-mail: ronald.phillips@eeoc.gov.

37. This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the Commission and approved by the Court.

38. This Decree may be executed in counterparts.

[remainder of this page is intentionally left blank]

**AGREED BY:**

For Plaintiff U.S. Equal Employment
Opportunity Commission:

KARLA GILBRIDE
GENERAL COUNSEL

CHRISTOPHER LAGE
DEPUTY GENERAL COUNSEL

*Debra M. Lawrence*
by RLP per written authorization

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 09/18/2024

RONALD L. PHILLIPS
ASSISTANT REGIONAL ATTORNEY
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6714
(443) 992-7880 (facsimile)
ronald.phillips@eeoc.gov

Dated: 09/18/2024

**IT IS SO ORDERED:**

9/19/24
DATE

For Defendant Len Stoler, Inc.:

*Matthew Ranck*

MATTHEW A. RANCK (#23732)
Schenker & Lopez
600 Red Brook Boulevard
Owings Mills, Maryland 21117
(410) 559-2420
(410) 559-2401 (facsimile)
matthew.ranck@zurichna.com

Dated: 9/18/2024

*Counsel for Defendant Len Stoler, Inc.*

DAVID LEIBOWITZ
CHIEF FINANCIAL OFFICER

Dated:

*Authorized Representative of Len Stoler, Inc.*

HONORABLE BRENDAN A. HURSON
United States District Judge



## COURT-ORDERED LEGAL NOTICE TO ALL EMPLOYEES OF LEN STOLER, INC.

This Notice is being posted pursuant to a federal-court order entered in *U.S. EEOC v. Len Stoler, Inc. t/a Len Stoler Auto Group*, Civil Action No. 1:23-cv-02487-BAH (U.S. Dist. Ct. – District of Maryland), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("the EEOC"), an agency of the United States Government, against Len Stoler, Inc. In its lawsuit, the EEOC charged that Len Stoler unlawfully discriminated against an employee with a disability in violation of Title I of the Americans with Disabilities Act ("ADA") by subjecting her to transfer and discharge on the basis of her disability and denial of reasonable accommodation for her disability. Len Stoler denied all of the EEOC's and employee's allegations.

Solely in the interest of avoiding further expense and controversy, Len Stoler and the EEOC have agreed to resolve the dispute by voluntarily entering into an agreed settlement order, called a "Consent Decree," containing these requirements, among others:

1) Len Stoler is prohibited by federal-court order and federal law from engaging in any employment practice that discriminates on the basis of disability;
2) Len Stoler will provide ADA training to certain employees with authority over employment decisions; and
3) Len Stoler will report complaints of disability discrimination and certain other information to the EEOC.

The EEOC enforces the federal laws against employment discrimination on the bases of disability, sex (including pregnancy, childbirth, and related medical conditions), race, color, national origin, religion, age, or genetic information. EEOC also enforces federal laws against illegal questions related to a job applicant's and/or employee's disability. If you believe that you have been subjected to discrimination or harassment, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that harassment, discrimination, or retaliation. EEOC can be reached by phone at (800) 669-4000, TTY at (800) 669-6820 and ASL Video Phone at (844) 234-5122 for deaf/hearing impaired callers, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate discrimination complaints.

**This OFFICIAL NOTICE must remain posted for two (2) years from the date below and must not be altered, defaced, or covered by any other material.**

_9/18/24_                                          _David Leibowitz, Chief Financial Officer_
Date                                                 [Name and job title of authorized Defendant
                                                     signatory to be inserted here prior to posting]

20